IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAWN L. HAMON,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

No. CIV S-05-1768 DAD

ORDER

/

Plaintiff brought this action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. On June 1, 2006, after plaintiff had moved for summary judgment and pursuant to the stipulation of the parties, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Counsel for plaintiff has filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b).

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

Plaintiff's counsel initially sought attorney fees in the amount of $12,401.50, which, according to counsel, represents 25% of the total past-due benefits received by plaintiff and her family as a result of a fully favorable decision rendered on remand.

A copy of counsel's motion was apparently sent to plaintiff Dawn Harmon, who wrote to the court objecting in part to her counsel's petition for fees. According to plaintiff, her non-attorney representative was responsible for all the work done on her behalf in the administrative proceedings, while her attorney's work was limited to the proceedings before this court.[2] In addition, plaintiff asserts that pursuant to her agreement with her non-attorney representative, she has already paid $5,300.00 in fees for services rendered in the administrative proceedings pursuant to 42 U.S.C. § 406(b). The Commissioner has filed a response to the motion, in keeping with the role resembling that of a trustee for plaintiff. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002). In that response the Commissioner points out that plaintiff's counsel has slightly miscalculated the past due benefits received by plaintiff and her family in this matter. According to the Commissioner, the total combined award was $49,228.00 and 25% of that amount would be $12,307.00, as opposed to the $12,401.50 sought by counsel in her petition. (Resp. filed Nov. 17, 2008 (Doc. No. 30) at 2, n.1 and 9, n.5.) The Commissioner takes no position on the reasonableness of counsel's fee request but instead merely analyzes that request in light of recent Ninth Circuit precedent in this area and in comparison with other similar cases.

Plaintiff's counsel has filed a somewhat vague response acknowledging plaintiff's letter in which counsel welcomes any supplemental information that sheds light on the motion for attorney fees and requests that the court consider that plaintiff has met her obligations with respect to § 406(a) fees in determining the reasonableness of the fees sought under § 406(b). Counsel has filed no reply to the Commissioner's response. Accordingly, the undersigned will

---

[2] It is fair to characterize plaintiff's letter as suggesting that in her view, the non-attorney representative was primarily responsible for the favorable result achieved in her case.

2

accept the Commissioner's calculation of the total past-due benefits received by plaintiff and her family.

Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). The award under § 406(b) is paid out of the claimant's past-due benefits, while an EAJA award is paid by the government. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal of fee awards under § 406(b) is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. See also Crawford v. Astrue, 545 F.3d 854, 858 (9th Cir. 2008). The Supreme Court has provided five factors which may be relevant in considering whether a fee award under a contingent-fee arrangement is reasonable: (1) the character of the representation; (2) the nature of

the results achieved; (3) if the attorney was responsible for delay; (4) if the benefits were large in comparison to the amount of time spent on the case; and (5) the record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge. Gisbrecht, 535 U.S. at 808; see also Crawford, 545 F.3d at 858-59. As the Ninth Circuit has recently observed, however, in Gisbrecht the Supreme Court did not decide, or indicate any views on, whether contingent fee agreements not in excess of 25% of past-due benefits awarded were presumptively reasonable or the extent to which district courts could utilize a lodestar calculation, based on an appropriate hourly rate and the hours properly spent, in determining whether a requested fee award under § 406(b) was reasonable. Crawford, 545 F.3d at 859.

Here, counsel for plaintiff seeks total attorney fees in connection with representation before the court in an amount equal to 25% of plaintiff's past-due benefits, which is the maximum amount authorized by statute as well as the amount set forth in the fee agreement between counsel and plaintiff upon receipt of a favorable decision at any time following a favorable decision in federal court. (See Mem. in Supp. of Pl.'s Pet. for Attorney Fees, Ex. A.) More specifically and with the correction noted by the Commissioner, counsel seeks an award of $12,307.00 for 27.2 hours of work, which would represent a rate of approximately $452.46 per hour. (See id., Ex. F, G.) [3]

Counsel was previously awarded $4,384.96 in attorney fees pursuant to the EAJA by stipulation and order filed in this case on August 29, 2006. Counsel asks the court to offset the requested attorney fee award of $12,307.00 by the $4,384.96 already awarded under EAJA, for a net fee of $7,922.04. See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here

---

[3] Counsel has attached to her motion copies of the Notices of Award, the 25% contingency fee contract entered into by plaintiff with her counsel, itemized statements of services rendered documenting the 27.2 hours expended on plaintiff's behalf in connection with matters before the court, and declarations regarding standard hourly billing rates in counsel's area establishing to the court's satisfaction that counsel's non-contingent fee rate of $350.00 per hour is reasonable. Counsel has also addressed in his motion the high risk of loss associated with social security appeals in general.

as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").

Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended by counsel to be reasonable. The effective hourly rate that would result from a granting of counsel's application, however, must be examined in light of the Ninth Circuit recent decision in Crawford. There, a divided panel affirmed the district court's award of social security attorney's fees in three contingency cases in amounts significantly below both 25% of the past-due benefits awarded and the amount sought by counsel. See 545 F.3d at 859-64. In Crawford, the district court had made a lodestar calculation, based on the reasonable number of hours at a reasonable hourly rate, and then considered the remaining Gisbrecht factors in determining whether the amount sought by counsel within the 25% of past-due benefits cap was a reasonable enhancement or would result in an unreasonable windfall to counsel. Id. In affirming, the Ninth Circuit found that this approach did not deviate from standards announced by the Supreme Court in Gisbrecht and did not constitute an abuse of discretion. Id.

The district court fee awards affirmed in Crawford involved enhancements of the lodestar amount of between 40% and 100%. See 545 F.3d at 859-64. Here, the court has found both the number of hours expended (27.2) and counsel's non-contingent fee hourly rate ($350.00 per hour) to be reasonable. Counsel seeks attorney fees in the amount of $12,307.00 pursuant to 42 U.S.C. § 406(b). Such an award would represent an hourly rate of $452.46 per hour, or an enhancement of approximately 29.3% over counsel's non-contingency fee billing rate. (See Commissioner's Resp. filed Nov. 17, 2008 (Doc. No. 30) at 9, n.5.) This is well below the range of the enhancements affirmed in Crawford, which may well be appropriate even if the past due benefits awarded were greater in light of the stipulated nature of the remand. The enhancement appears to the court to be reasonable in light of the results achieved.

/////

5

Moreover, this court has considered all of the Gisbrecht factors as they relate to this particular case. There is nothing in the record before the court suggesting overreaching on counsel's part in any respect. Counsel assumed the risk of non-payment inherent in a contingency agreement, counsel did not contribute to any delay in the proceedings, the amount sought is within the 25% cap and counsel's efforts on plaintiff's behalf were most certainly successful. The court therefore concludes that the fees sought by counsel pursuant to § 406(b) are reasonable and that their award would not represent a windfall to counsel See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding $10,031.56, which represented an hourly rate of $550.00 per hour for attorney time and $238.63 per hour for paralegal time); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding $25,132.50 for approximately 56 hours of court-related work, which represented an hourly rate of $450.00); Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorney fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable); Hembree v. Astrue, No. ED CV 06-497-PLA, 2009 WL 510310, *3 (C.D. Cal. Feb. 27, 2009) (assembling cases).

Nor is it of any consequence that under 42 U.S.C. § 406(a) plaintiff's non-attorney representative has already been paid $5,300.00 in fees for professional services rendered to plaintiff in connection with the administrative proceedings. The court recognizes that the combined attorney and non-attorney representative fees for work done both in the administrative proceedings and before the court would therefore exceed 25% of the past-due benefits awarded plaintiff by less than $1,000.00. However, that is not inappropriate. Clark v. Astrue, 529 F.3d 1211, 1218 (9th Cir. 2008) (holding that § 406(b) limits only the amount of attorney's fees awarded under that section and not the combined fees awarded under § 406(a) and § 406(b)).
/////

Accordingly, the motion for attorney fees under 42 U.S.C. § 406(b) will be granted in full.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 17, 2007 application for attorney fees under 42 U.S.C. § 406(b) (Doc. No. 27) is granted;

2. Counsel for plaintiff is awarded $7,922.04 in attorney fees under § 406(b), which is the net amount of the maximum allowable fee minus the amount of fees previously awarded to counsel for plaintiff under the EAJA. The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits.

DATED: March 24, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
Ddad1/orders.socsec/hamon1768.attyfees.406b