IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAWN L. HAMON,

       Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

No. CIV S-05-1768 DAD

ORDER

_____/

On June 1, 2006, after plaintiff had moved for summary judgment in this action seeking review of a decision denying disability benefits, and pursuant to the stipulation of the parties, the court issued an order reversing the decision of the Commissioner and remanding the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Counsel for plaintiff then filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). The court granted the application for attorney fees and

> awarded $7,922.04 . . ., which is the net amount of the maximum allowable fee minus the amount of fees previously awarded to counsel for plaintiff under the EAJA. The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits.

Order filed March 25, 2009 (Doc. No. 31) at 7.

In the motion for attorney fees, plaintiff's counsel had asked the court to offset the requested attorney fee award of $12,307.00 by the $4,384.96 already awarded under EAJA, for a net fee of $7,922.04. See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs."). In the language of the order quoted above, the court intended to comply with counsel's request.

On April 15, 2009, the court received a letter for counsel (Doc. No. 32) requesting clarification of the order. Therein, counsel explains that while the court intended to grant the motion for attorney fees under 42 U.S.C. § 406(b) in full, the wording of the order which included the offset calculation would have the unintended consequence of counsel receiving $4,384.96 less due to her obligation to refund the lesser EAJA award to plaintiff. Counsel is correct in stating that this was not the court's intent.

Accordingly, as requested by counsel, the Order filed March 25, 2009 (Doc. No. 31) at page 7, lines 6-9, is hereby modified to provide as follows:

2. Counsel for plaintiff is awarded $12,307.00 in attorney fees under § 406(b). Since plaintiff's counsel is required to refund the $4,384.96 EAJA award upon receipt of the § 406(b) fee, the Commissioner is directed to pay plaintiff's counsel the net amount of $7,922.04 from plaintiff's withheld benefits and then to remit to plaintiff the remainder of those withheld benefits.

IT IS SO ORDERED.

DATED: May 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.socsec/hamon1768.o.051509